**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4780**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARL WARREN PERSING,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. James C. Fox, Senior District Judge. (5:06-cr-00261-F-1)

Submitted: November 12, 2008          Decided: November 25, 2008

Before NIEMEYER and AGEE, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Deborrah L. Newton, Raleigh, North Carolina, for Appellant. George E. B. Holding, United States Attorney, Anne M. Hayes, Jennifer P. May-Parker, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Carl Warren Persing of interfering with the performance of the duties of a flight attendant, in violation of 49 U.S.C. § 46504 (2000). On appeal, Persing challenges his conviction on several grounds. Finding no reversible error, we affirm.

Persing first challenges the district court's denial of his motions to dismiss the indictment. Although he contends that his speedy trial rights were violated, we conclude that the district court did not violate the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (2006), amended by Judicial Administration and Technical Amendments of 2008, Pub. L. No. 110-406, 122 Stat. 4291, 4294, because the court properly excluded from the speedy trial calculation the continuances sought by Persing and his co-defendant. See 18 U.S.C. § 3161(h)(6), (h)(7)(A). Nor were Persing's Sixth Amendment speedy trial rights violated. United States v. Woolfolk, 399 F.3d 590, 597-98 (4th Cir. 2005) (providing standard and noting general rule that at least eight-month delay will trigger Sixth Amendment inquiry).

Next, Persing contends that the district court erred in denying his motion to dismiss the indictment based upon lack of venue. Our review of the record leads us to conclude that the indictment alleged facts sufficient to establish venue in the district court. Moreover, at trial, the Government proved

2

venue by a preponderance of the evidence.  See United States v. Johnson, 510 F.3d 521, 524 (4th Cir. 2007) (providing standard); United States v. Hall, 691 F.2d 48, 50 (1st Cir. 1982).

Persing also asserts on appeal that the district court erred by rejecting his claims that the indictment failed to allege that he intended to intimidate the flight attendant and, therefore, did not allege a criminal offense.  However, § 46504 does not require specific intent.  United States v. Grossman, 131 F.3d 1449, 1451-52 (11th Cir. 1997) (holding "that § 46504 does not require any showing of specific intent; instead, it defines a general intent crime," and collecting cases from other circuits).  Because the indictment filed against Persing alleged the essential elements of the offense, see United State v. Naghani, 361 F.3d 1255, 1262 (9th Cir. 2004) (discussing elements), and tracked the statutory language, we find that the indictment is valid.  See United States v. Wills, 346 F.3d 476, 489 (4th Cir. 2003).

Persing contends that the district court erred by denying his motion to dismiss the indictment because § 46504 is vague and overbroad and "inhibits the exercise of free speech protected by the First Amendment."  Our review of the record leads us to conclude that Persing's comments to the flight attendant amounted to true threats, which are not protected by the First Amendment.  Watts v. United States, 394 U.S. 705, 707

3

(1969); see R.A.V. v. City of St. Paul, 505 U.S. 377, 388 (1992) ("[T]hreats of violence are outside the First Amendment . . . ."). We also agree with the district court that § 46504 is not void on its face or overbroad. See United State v. Hicks, 980 F.2d 963, 969-70, 972 (5th Cir. 1992) (rejecting claims that predecessor statute was facially overbroad and vague). Turning to Persing's claim that § 46504 is unconstitutional as applied to him, we find that the statute provided fair notice of the prohibited conduct. Although Persing contends that the statute did not clearly define what was required for intimidation and interference, "the meaning of the words used to describe the [impermissible] conduct can be ascertained fairly by reference to judicial decisions, common law, dictionaries, and the words themselves because they possess a common and generally accepted meaning." United States v. Eckhardt, 466 F.3d 938, 943-44 (11th Cir. 2006) (holding that 47 U.S.C. § 223(a)(1)(C) (2000), which prohibits anonymously making annoying, abusive, harassing, or threatening telephone calls, provides adequate notice of unlawful conduct); Hicks, 980 F.2d at 971-72 (rejecting as-applied challenge to § 46504's predecessor statute and finding that statute was "narrowly tailored" where "only intimidating acts or words that actually interfere with a crew member's duties are penalized").

4

Persing also asserts on appeal that the district court constructively amended the indictment by failing to require the jury to find as a fact that he knowingly interfered with the flight. A constructive amendment occurs when the Government or the court broadens the possible bases for conviction beyond those charged in the indictment, which results in a "fatal variance[] because 'the indictment is altered to change the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment.'" United States v. Foster, 507 F.3d 233, 242 (4th Cir. 2007) (quoting United States v. Randall, 171 F.3d 195, 203 (4th Cir. 1999)), cert. denied, 128 S. Ct. 1690 (2008). We conclude that there was no constructive amendment to the indictment because the court's instructions required the jury to find that Persing acted knowingly, which is consistent with § 46504's general intent requirement. Thus, Persing's claim fails.

Finally, Persing asserts that the evidence was insufficient to convict him because there was no evidence that the flight attendant was intimidated, that Persing intended to intimidate the flight attendant, or that Persing knowingly interfered with the flight attendant's duties. This court reviews de novo the district court's decision to deny a motion filed pursuant to Fed. R. Crim. P. 29. United States v. Reid,

523 F.3d 310, 317 (4th Cir. 2008). Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." Glasser v. United States, 315 U.S. 60, 80 (1942); Reid, 523 F.3d at 317. "Substantial evidence is evidence that a reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." Reid, 523 F.3d at 317 (internal quotation marks and citation omitted). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." Foster, 507 F.3d at 244-45 (internal quotation marks and citation omitted). With these standards in mind, we have reviewed the trial transcript and find that the evidence was sufficient to convict. See Naghani, 361 F.3d at 1262 (setting forth elements of offense); United States v. Meeker, 527 F.2d 12, 15 (9th Cir. 1975) (interpreting predecessor statute to § 46504 and defining intimidation as "conduct and words of the accused [that] would place an ordinary, reasonable person in fear").

Finding no reversible error, we affirm Persing's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

6

before the court and argument would not aid the decisional process.

AFFIRMED