RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 17a0052p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

*v.*

JOSHUA MICHAEL SIZEMORE,

> *Defendant-Appellant.*

No. 16-5700

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:15-cr-00146—Thomas W. Phillips, District Judge.

Decided and Filed:  March 8, 2017

Before:  SILER, MOORE, and GRIFFIN, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  Erin P. Rust, FEDERAL DEFENDER SERVICES OF EASTERN TENNESSEE, INC., Chattanooga, Tennessee, for Appellant.  Brooklyn Sawyers, UNITED STATES ATTORNEY'S OFFICE, Knoxville, Tennessee, for Appellee.

_____

## OPINION

_____

KAREN  NELSON  MOORE,  Circuit  Judge.   Defendant-Appellant  Joshua  Sizemore appeals the restitution order entered as part of his sentence for involuntary manslaughter.  In this appeal, Sizemore raises two issues concerning the district court's order of full restitution and the district court's refusal to reduce the restitution by settlement amounts paid to certain victims by Sizemore's automobile insurance company.  For the reasons stated below, we **AFFIRM**.

# I. BACKGROUND

During the early morning hours of October 4, 2014, Joshua Sizemore was driving his car at a high rate of speed through Great Smoky Mountains National Park. R. 2 (Plea Agreement) (Page ID #4). In addition to Sizemore, the car had three passengers: Sherice Mathes, Brent Clapper, and Ashley Trent. *Id.* All of the car's occupants, including Sizemore, had been drinking alcohol. *Id.* At approximately 1:35 a.m., Sizemore crashed the vehicle, killing Trent, and seriously injuring Mathes and Clapper. *Id.* The Tennessee Highway Patrol later determined that the Defendant "was driving approximately 96 miles per hour five seconds prior to the crash and approximately 97 miles per hour two seconds prior to the crash." *Id.* The speed limit on that particular stretch of road was 45 miles per hour. *Id.*

On November 2, 2015, the United States Attorney for the Eastern District of Tennessee at Knoxville filed an information charging Sizemore with involuntary manslaughter in violation of 18 U.S.C. §§ 1112 and 7(3). R. 1 (Information) (Page ID #1–2). Sizemore waived indictment and pleaded guilty to the one-count information. R. 9 (Waiver of Indictment) (Page ID #19); R. 39 (Plea Hr'g Tr. at 12) (Page ID #539). As a condition of his plea, Sizemore agreed that the district court would order restitution "for any loss caused to: (1) the victims of any offense charged in this case (including dismissed counts); and (2) the victims of any criminal activity that was part of the same course of conduct or common scheme or plan as the defendant's *charged* offenses." R. 2 (Plea Agreement at 4) (Page ID #6). The parties later agreed in an addendum to the plea agreement that Sizemore would not appeal the award of $173,451.43 in restitution to be paid to Ashley Trent's minor daughter, A.H., for Trent's lost wages. R. 27 (Plea Agreement Addendum) (Page ID #376).

The probation office prepared a Presentence Investigation Report ("PSR"), R. 26 (PSR) (Page ID #362), and the district court held a sentencing hearing on May 4, 2016, R. 40 (Sent. H'rg Tr. at 1) (Page ID #547). The only contested issue at Sizemore's sentencing was restitution. *Id.* at Page ID #550. The probation office assessed restitution, pursuant to 18 U.S.C. § 3663, in the amount of $230,839.37. R. 26 (PSR at 13) (Page ID #374). Restitution was calculated in the following allotments: $9,000 to Paul Mahan for Ashley Trent's funeral expenses; $29,808.27 to Blue Cross Blue Shield Insurance as to Brent Clapper; $3,990.74 to

Brent Clapper; $11,787.76 to Blue Cross Blue Shield Insurance as to Sherice Mathes; $2,801.17 to Farm Bureau Insurance as to Sherice Mathes; and $173,451.43 to A.H., Ashley Trent's minor child. Sizemore agreed to the full restitution amount as to A.H., but did not agree to any of the other allotments. R. 40 (Sent. Hr'g Tr. at 7–8) (Page ID #553–554). Specifically, Sizemore argued that the court should not order him to pay $9,000 to Paul Mahan for funeral expenses because Mr. Mahan did not seek any restitution from Sizemore. R. 16 (Def. Sent. Mem. at 12) (Page ID #157). Sizemore further argued that because Farm Bureau Insurance paid $12,500 each to Clapper and to Mathes for their losses, those payments should be credited to any restitution ordered. *Id.* at 13 (Page ID #158). The United States opposed any offset to the restitution amounts, arguing that "[t]he burden is on the defendant to provide evidence that an offset is warranted and the defendant has not provided this Court with any evidence of what the insurance settlement covered, i.e., pain and suffering, medical expenses or some other loss." R. 17 (Gov. Sent. Mem. at 6) (Page ID #180) (citing *United States v. Sheinbaum*, 136 F.3d 443, 449 (5th Cir. 1998)). The district court agreed with the government and ordered restitution in the total amount of $230,839.37. R. 35 (Order at 9) (Page ID #508). Sizemore's request for credits for payments made by his insurance provider was denied. *Id.* at 11 (Page ID #510) ("the Court finds that the defendant is not entitled to an offset for any of the amounts of restitution.").

At sentencing, Sizemore was found to have a total offense level of 19 and a criminal history category of I, with an advisory sentencing guideline range of 30–37 months of imprisonment. R. 40 (Sent. Hr'g Tr. at 33) (Page ID #579). The district court sentenced Sizemore to 36 months of imprisonment followed by three years of supervised release. R. 36 (Judgment at 2–3) (Page ID #516–17). Sizemore filed a timely notice of appeal. R. 38 (Not. of Appeal) (Page ID #526).

## II. ANALYSIS

### A. Standard of Review

"We review the propriety of a restitution order de novo." *United States v. Church*, 731 F.3d 530, 535 (6th Cir. 2013). The specific amount of restitution awarded by the district court is reviewed for abuse of discretion. *Id.* (citing *United States v. Elson*, 577 F.3d 713, 733

(6th Cir. 2009)). *See also United States v. Bearden*, 274 F.3d 1031, 1040 (6th Cir. 2001) ("We review the propriety of ordering restitution de novo and the amount of restitution ordered for abuse of discretion.").

**B. The District Court Had Authority to Order Restitution**

The first question raised on appeal is whether the district court misunderstood the extent of its discretion to determine the amount of loss subject to restitution under 18 U.S.C. §§ 3663 and 3664. Here the district court "finds that an order of restitution is appropriate pursuant to [18 U.S.C.] § 3663(a)(3)." R. 35 (Order at 8) (Page ID #507). Sizemore agrees with the district court that 18 U.S.C. § 3663 is the operative statute, but argues that the district court mistakenly concluded that it was *required* to order restitution. Appellant Br. at 15. The United States responds that "the totality of the record shows that the district court had correctly found that 'restitution is . . . discretionary.'" Appellee Br. at 11.

The parties agree with the district court's conclusion that this case is governed by the Victim and Witness Protection Act ("VWPA"), 18 U.S.C. § 3663.[1] Appellant Br. at 15; Appellee Br. at 11; R. 35 (Order at 5) (Page ID #504). Pursuant to the VWPA, "[t]he court, when sentencing a defendant convicted of an offense under this title . . . may order . . . that the defendant make restitution to any victim of such offense . . . ." 18 U.S.C § 3663(a)(1)(A). "[I]n determining whether to order restitution under this section" the court "shall consider . . . the amount of the loss sustained by each victim as a result of the offense" along with "the financial resources of the defendant, the financial needs and earning ability of the defendant and the defendant's dependents, and such other factors as the court deems appropriate." 18 U.S.C. § 3663(a)(1)(B)(i). The district court "may also order restitution in any criminal case to the extent agreed to by the parties in a plea agreement." 18 U.S.C. § 3663(a)(3). The VWPA describes numerous types of restitution that may be ordered. *See* 18 U.S.C. § 3663(b). As relevant to this case, the court may order that a defendant "in the case of an offense resulting

---

[1]Our cases routinely refer to 18 U.S.C. § 3663 as the Victim and Witness Protection Act (referring to the Victim and Witness Protection Act of 1982). *See United States v. Sawyer*, 825 F.3d 287, 292 (6th Cir. 2016); *Elson*, 577 F.3d at 721. We have also referred to 18 U.S.C. § 3664 as a component of the VWPA. *United States v. Sosebee*, 419 F.3d 451, 457 (6th Cir. 2005) ("The district court ordered restitution pursuant to the Victim and Witness Protection Act, 18 U.S.C. §§ 3663–3664.").

in bodily injury [that] also results in the death of a victim, pay an amount equal to the cost of necessary funeral and related services." 18 U.S.C. § 3663(b)(3).

Once a district court has determined that restitution under the VWPA is appropriate, the "order of restitution made pursuant to [the VWPA] shall be issued and enforced in accordance with section 3664." 18 U.S.C. § 3663(d). Pursuant to 18 U.S.C. § 3664(f)(1)(A), "[i]n each order of restitution, the court shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." District courts are "not required to make findings on the defendant's financial conditions" when determining whether it is appropriate to order restitution. *Sosebee*, 419 F.3d at 460 (quoting *United States v. Hall*, 71 F.3d 569, 573–74 (6th Cir. 1995)).

Further, "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution." 18 U.S.C. § 3664(f)(1)(B). Once the district court has determined "the amount of restitution that is owed to each victim, the court shall . . . specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C § 3664(f)(2). In setting the restitution payment schedule the district court must consider "the financial resources and other assets of the defendant[;] . . . projected earnings and other income of the defendant; and . . . any financial obligations of the defendant." *Id.* Section 3664 also addresses a scenario where, as here, a victim has received or may receive compensation from some source other than a defendant's restitution payment:

> **(j)(1)** If a victim *has received* compensation from insurance or any other source with respect to a loss, the court shall order that restitution be paid to the person who provided or is obligated to provide the compensation, but the restitution order shall provide that all restitution of victims required by the order be paid to the victims before any restitution is paid to such a provider of compensation.
>
> **(2)** Any amount paid to a victim under an order of restitution shall be reduced by any amount *later* recovered as compensatory damages for the same loss by the victim in—
>
>> **(A)** any Federal civil proceeding; and
>> **(B)** any State civil proceeding, to the extent provided by the law of the State.

18 U.S.C. § 3664(j) (emphasis added).

In certain cases, an order of restitution may also be appropriate pursuant to the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A. "The MVRA, passed as part of the Antiterrorism and Effective Death Penalty Act of 1996, amended the Victim Witness Protection Act, 18 U.S.C. § 3663(a)(1)(A) ("VWPA")." *Elson*, 577 F. 3d at 721. District courts ordering restitution pursuant to the MVRA "shall order . . . that the defendant make restitution to the victim of the offense . . . ." 18 U.S.C. § 3663A(a)(1). The parties have not argued, and the district court did not conclude, that the MVRA dictates the result of this case. We therefore conduct our analysis pursuant to 18 U.S.C. §§ 3663 and 3664, but not 18 U.S.C. § 3663A.

The district court concluded that the total restitution sought in this case was $230,839.37. This amount "includes funeral expenses for Ms. Trent, Ms. Trent's lost income payable to her minor child, and the medical expenses of Mr. Clapper and Ms. Mathes." R. 35 (Order at 6) (Page ID #505). The district court correctly concluded that the VWPA permits restitution "to compensate a victim for medical expenses (§ 3663(b)(2)(A)), funeral expenses (§ 3663(b)(3)), and lost income (§ 3663(b)(2)(C))." *Id.* The district court next noted that "the defendant has not objected to the types or amounts of restitution sought. These facts weigh in favor of an order of restitution." *Id.* at 7 (Page ID #506) (footnote omitted). In considering whether to exercise its discretion and order restitution, the district court considered the defendant's background, his high school and technical school diplomas, his consistent work history, and his profession as an automobile repairman and painter. *Id.* at 7 (Page ID #506). The district court acknowledged that "an order of restitution will undoubtedly put further strain on the defendant's finances" but concluded that "the Court does not find that such a strain is so significant as to preclude an order of restitution." *Id.* The district court ordered full restitution in the amount of $230,839.37. *Id.* at 13 (Page ID #512).

Sizemore disagrees with the district court's restitution order for three reasons. First, Sizemore argues that the requirement pursuant to § 3664 that a district court shall order restitution to each victim in the full amount of each victim's losses "seems to conflict with the discretionary nature [of] § 3663." Appellant Br. at 17. Second, Sizemore argues that "[t]he district court erred by concluding that it was 'required to order restitution in the full amounts as set forth above without consideration of the defendant's economic circumstances.'"

*Id*. at 21.  Third, Sizemore suggests that the district court committed error "by failing to take into consideration Mr. Sizemore's own medical expenses, his ability to pay, and the respective level of injury of Ms. Trent, Ms. Mathes, and Mr. Clapper when determining which expenses should be counted as losses subjected to restitution." *Id.* at 22.

The United States responds that, "consistent with 18 U.S.C. § 3664(f)(2), the district court properly considered Defendant's financial resources when determining whether to order restitution in the first instance, and when setting the payment schedule." Appellee Br. at 11.  The government also contends that "Defendant has not cited any legal authority for the proposition that the court was required to consider his financial situation in determining which losses should be counted for restitution purposes, especially where Defendant did not dispute the losses set forth in the presentence report." *Id.* at 12.

We disagree with Sizemore that there exists a conflict between § 3663 and § 3664. Sizemore believes that there is a conflict between 18 U.S.C. § 3663(a)(1)(B)(i), which requires that a court consider a defendant's financial circumstances in deciding *whether* to order restitution, and 18 U.S.C. § 3664(f)(1)(A), which forbids a court from considering a defendant's economic circumstances when setting the *amount* of restitution.  Section 3663 sets forth the factors that a district court shall consider when determining whether to exercise its discretion and award restitution under the VWPA.  Factors that a district court shall consider when determining whether to award restitution in the first instance include the losses sustained by a defendant's victims and the defendant's financial circumstances.  It is certainly reasonable to require district courts to analyze both the losses of a defendant's victims and the defendant's ability to make restitution payments before ordering restitution in the first instance—ordering a defendant with zero earning potential or financial resources to make restitution payments would be a futile exercise.  Only after a district court decides to exercise discretion and order restitution under § 3663 does § 3664 become operative.  Section 3663(d) explicitly directs the district court to "issue[ ] and enforce[ ] [its order of restitution] in accordance with section 3664."  Section 3664 sets forth the procedures for setting the amount of restitution and the restitution payment schedule.  This scheme is sensible:  Courts consider the financial circumstances of the defendant

in deciding whether to order restitution and in setting the defendant's payment schedule, but not in setting the total amount of restitution due to the victims.

We find no error in the district court's decisions both to order restitution and to do so at the full amount as calculated by the probation office. The district court followed precisely the rigid contours of § 3663 in deciding to exercise its discretion to award restitution in the first instance, and it did not abuse its discretion when setting the restitution amounts pursuant to § 3664. While the restitution order will likely cause Sizemore a financial strain, the district court was within its discretion in concluding that Sizemore's education, training, and skillset will permit him to secure gainful employment and make restitution payments as required. The district court's decision to order restitution in this case was therefore within its discretion under § 3663(a)(1)(A).

It is clear on the record before us that Sizemore owes restitution in the amount of $173,451.43 to Ashley Trent's minor child, A.H. The parties entered into a plea agreement addendum regarding the restitution to A.H., and Sizemore never contested A.H's restitution amount at sentencing. A restitution order made pursuant to a provision in a plea agreement is expressly permitted by § 3663(a)(3). We therefore agree with the district court that "the defendant has agreed to restitution in the amount of $173,451.43 payable to A.H., minor child of Ashley Trent." R. 35 (Order) (Page ID #502).

We also conclude that the district court correctly determined that, once it decided to award restitution, it was required to order restitution to each victim in the full amount of the victim's losses. After determining that restitution is appropriate pursuant to § 3663(a)(1)(A), a district court "shall order restitution to each victim in the full amount of each victim's losses as determined by the court and without consideration of the economic circumstances of the defendant." 18 U.S.C. § 3664(f)(1)(A). We disagree with Sizemore that the district court committed reversible error. First, while the district court did not consider Sizemore's individual circumstances and ability to pay restitution when determining the amount of restitution, those factors were considered by the court in deciding whether restitution was appropriate, and in setting the payment schedule. Second, Sizemore has not argued that any of the amounts calculated by the probation office and accepted by the district court were calculated incorrectly.

We find no evidence in the record that suggests Sizemore objected to the specific final dollar amounts that were accepted by the district court.**2** Additionally, neither party has cited, and we have not found, any case binding on this court that suggests we must read § 3664(f)(1)(A) as doing anything other than what it says—requiring a restitution order to state "the full amount of each victim's losses . . . without consideration of the economic circumstances of the defendant." We therefore conclude that the district court did not commit reversible error in ordering restitution or in relying on the restitution amounts calculated by the probation office and reported in the PSR. The district court's decision to order restitution was appropriate, and it did not abuse its discretion in setting the amount of restitution.

## C. The District Court Did Not Abuse its Discretion in Refusing to Grant Sizemore Credit For Amounts Paid to Victims by His Auto Insurance Company

Sizemore next argues that the district court abused its discretion when it declined to reduce his total restitution by the amounts that his automobile insurance company paid to his victims. Although Sizemore notes that "[i]n no case shall the fact that a victim has received or is entitled to receive compensation with respect to a loss from insurance or any other source be considered in determining the amount of restitution," he argues that under § 3664(j)(2) "[a]ny amount paid to a victim under an order of restitution shall be reduced by any amount later recovered as compensatory damages for the same loss by the victim in . . . any State civil proceeding . . . ." Appellant Br. at 22 (citing 18 U.S.C. § 3664(f)(1)(B) and §3664(j)(2)(B)). The United States responds that "Defendant has not established that he satisfied [18 U.S.C. § 3664(j)(2)(B)], much less that the district court abused its discretion by declining to grant an offset." Appellee Br. at 12.

"[T]he burden of proving an offset should lie with the defendant." *Elson*, 577 F.3d at 734 (quoting *Sheinbaum*, 136 F.3d at 449). We have previously held that a defendant is in the best position to demonstrate that he has already compensated a victim for a specific loss in a civil

---

**2**While Sizemore did object to having to pay funeral expenses for Trent and insurance reimbursements to Blue Cross Insurance and Farm Bureau Insurance, the record does not reflect that he specifically objected to the amounts calculated by the probation office and ultimately accepted by the district court. As it appears to us, Sizemore disputed that he was required to pay for Trent's funeral expenses and for the insurance payments, but conceded that if he was required to pay, the amounts calculated by the probation office and accepted by the district court were accurate. *See* R. 40 (Sent. Hr'g Tr. at 7–11) (Page ID #553–557).

proceeding, and accordingly "the burden should fall on him to argue for a reduction in his restitution order." *Id.* (internal quotation marks omitted). Where a defendant meets that burden, the district court "'must reduce restitution by any amount the victim received as part of a civil settlement' to avoid[ ] the undesirable result of restitution effectuating a double recovery." *Id.* (quoting *United States v. Gallant*, 537 F.3d 1202, 1250 (10th Cir. 2008)).

Farm Bureau Insurance issued settlement payments to Ms. Trent ($25,000), Mr. Clapper ($12,500), and Ms. Mathes ($12,500). R. 16-4 (Settlement Letter) (Page ID #173). The district court concluded that the Farm Bureau Insurance payments to Clapper and Mathes were issued before the entry of a restitution order, and "thus, they cannot be amounts 'later recovered'" within the meaning of 18 U.S.C. § 3664(j)(2). R. 35 (Order at 11) (Page ID #510). The court further concluded that "amounts paid to medical providers on behalf of the victims are not eligible to be offset against the total amount of restitution." *Id.* (citing *United States v. Bright*, 353 F.3d 1114, 1123 (9th Cir. 2004) ("funds the victims have *not* received cannot reduce or offset the amount of losses the defendant is required to repay.")).

In considering the entire record and the district court's order, we conclude that the district court did not abuse its discretion when it declined to offset its restitution order by the amounts of Sizemore's insurance company's payments to the victims. The payments made by Farm Bureau Insurance to Trent, Mathes, and Clapper were general settlements that were never specifically designated to a particular category of loss. R. 17-3 (Email with Farm Bureau) (Page ID #214). By contrast, the district court identified the losses that were covered by its restitution order as follows: Ashley Trent's funeral expenses; Ashley Trent's lost wages; Mr. Clapper's medical expenses; and Ms. Mathes's medical expenses. Because we are unable to determine from the record before us whether the Farm Bureau Insurance payments were intended to cover the same losses that the restitution order covers, we cannot conclude that the restitution order has "the undesirable result of effectuating double a recovery." *Elson*, 577 F.3d at 734 (quoting *Gallant*, 537 F.3d at 1250). While Sizemore's insurance company did settle with his victims, "a private settlement between a criminal wrongdoer and his victim releasing the wrongdoer from further liability does not preclude a district court from imposing a restitution order for the same underlying wrong." *United States v. May*, 500 F. App'x 458, 462 (6th Cir. 2012) (quoting

*Bearden*, 274 F.3d at 1041).  We therefore conclude that the district court did not abuse its discretion in declining to offset Sizemore's restitution by the amounts his insurance company paid to his victims.

## III.  CONCLUSION

Joshua Sizemore will likely make restitution payments for the rest of his life.  Though we understand this will pose a financial hardship, "[r]estitution ordered as part of a criminal sentence is punitive."  *May*, 500 F. App'x at 463 (citing *Kelly v. Robinson*, 479 U.S. 36, 52 (1986)).  Because the district court had the statutory authority to order restitution, because it did not abuse its discretion in ordering restitution, and because it complied with the statutory provisions, we **AFFIRM** the district court's restitution order.