**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 21-4230

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SYDNEY ANDREA CRANDON, a/k/a Brittany Banks,

Defendant - Appellant,

------------------------------

HUMAN TRAFFICKING INSTITUTE,

Amicus Supporting Appellee.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:19-cr-00296-BO-1)

Submitted:  August 30, 2022                     Decided:  November 16, 2022

Before AGEE, HARRIS, and QUATTLEBAUM, Circuit Judges.

Reversed in part by unpublished per curiam opinion.

**ON BRIEF:** G. Alan DuBois, Federal Public Defender, Jennifer C. Leisten, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Michael F. Easley, Jr., United States Attorney, David A. Bragdon, Assistant United States Attorney, Lucy Partain Brown, Assistant United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.  Nicholas D. Stellakis, Jacob J. Struck, Boston, Massachusetts, Erica N. Peterson, Anthony R. Guttman, HUNTON ANDREWS KURTH LLP, Washington, D.C.; Lindsey Lane, HUMAN TRAFFICKING INSTITUTE, Fairfax, Virginia, for Amicus Curiae.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sydney Andrea Crandon pled guilty to sex trafficking of a minor, in violation of 18 U.S.C. § 1951(a)(1), (b)(2). The district court sentenced Crandon to 133 months' imprisonment. Crandon now appeals the district court's imposition of a $30,000 restitution order for future medical and mental health expenses for the victim of her offense pursuant to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C. §§ 3663A, 3664.[*]

We review restitution orders for abuse of discretion "but assess de novo any legal questions raised with respect to restitution issues." *United States v. Diaz*, 865 F.3d 168, 173 (4th Cir. 2017) (internal quotation marks omitted). A district court may order restitution after the MVRA's statutory timelines under 18 U.S.C. § 3664(d)(1), (5), have expired, if the court "made clear that restitution was applicable" within 90 days after sentencing. *Dolan v. United States*, 560 U.S. 605, 620 (2010) (internal quotation marks omitted). A district court's failure to comply with those statutory timelines is harmless error unless the defendant proves that her substantial rights were prejudiced by the delay. *United States v. Johnson*, 400 F.3d 187, 199 (4th Cir. 2005). Upon review, we conclude that the court did not abuse its discretion when it imposed restitution despite non-compliance with the statutory time limits.

When, as here, a district court has statutory authority to impose restitution, "[t]he government bears the burden of proving by a preponderance of the evidence that the

---

[*] We previously dismissed the portion of the appeal pertaining to the award of lost wages as barred by the waiver provision in Crandon's plea agreement. *See United States v. Crandon*, No. 21-4230 (Jan. 7, 2022) (unpublished order).

defendant's offense of conviction directly and proximately caused harm to the victim."
*United States v. Ritchie*, 858 F.3d 201, 211 (4th Cir. 2017); *see also* 18 U.S.C. § 3664(e).
"[T]he amount of restitution need not be proven with exactitude," but "[t]he district court
should establish the amount of the victim's losses with some reasonable certainty." *United
States v. Saddler*, 789 F. App'x 952, 955 (4th Cir. 2019) (Nos. 18-4417, 18-4891) (internal
quotations omitted). We have reviewed the record and we conclude that the district court
abused its discretion when it imposed a restitution award for future medical expenses after
it explicitly found that the Government failed to show that Crandon's conduct proximately
caused or worsened any of the identified medical conditions.

Accordingly, we reverse the restitution order as it pertains to future medical and
mental health expenses. We dispense with oral argument because the facts and legal
contentions are adequately presented in the materials before this court and argument would
not aid the decisional process.

*REVERSED IN PART*