**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4834**

UNITED STATES OF AMERICA,

                        Plaintiff - Appellee,

            v.

BRIAN DALE LEE,

                        Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston. Richard Mark Gergel, District Judge. (2:18-cr-00264-RMG-1)

Submitted: August 18, 2020                        Decided: September 16, 2020

Before WYNN and THACKER, Circuit Judges, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

S. Naki Richardson-Bax, BAX LAW FIRM, PA, Beaufort, South Carolina, for Appellant. Peter M. McCoy, Jr., United States Attorney, Columbia, South Carolina, Nick Bianchi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian Dale Lee appeals the 293-month sentence imposed following his guilty plea, pursuant to a written plea agreement, to a heroin and methamphetamine conspiracy, in violation of 21 U.S.C. § 846. On appeal, Lee argues that the Government breached its obligations under the plea agreement and that the district court erroneously considered facts underlying the Government's request for an upward departure when sentencing him. Finding no reversible error, we affirm.

"Plea agreements are grounded in contract law, and as with any contract, each party is entitled to receive the benefit of his bargain." *United States v. Edgell*, 914 F.3d 281, 287 (4th Cir. 2019) (internal quotation marks omitted). Thus, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." *Santobello v. New York*, 404 U.S. 257, 262 (1971). "Because a defendant's fundamental and constitutional rights are implicated when he is induced to plead guilty by reason of a plea agreement, our analysis of the plea agreement or breach thereof is conducted with greater scrutiny than in a commercial contract." *United States v. Lewis*, 633 F.3d 262, 269 (4th Cir. 2011) (internal quotation marks omitted). "The [G]overnment is only bound, however, by the promises that were actually made in inducing a guilty plea." *Id.*

Because Lee did not assert a breach of the plea agreement before the district court, our review is for plain error. *United States v. Tate*, 845 F.3d 571, 575 (4th Cir. 2017). To satisfy this standard, Lee must demonstrate "that the [G]overnment plainly breached its plea agreement with him and that the breach both affected his substantial rights and called

2

into question the fairness, integrity, or public reputation of judicial proceedings." *Edgell*, 914 F.3d at 286-87.

Assuming, without deciding, that the Government breached the plea agreement by seeking an upward departure, we conclude that Lee fails to carry his burden to establish that the breach affected his substantial rights. *See id.* at 290 (describing effect on substantial rights in breach context); *see also United States v. Olano*, 507 U.S. 725, 735 (1993) (recognizing defendant's burden to "make a specific showing of prejudice" in plain error context). The court did not grant the Government's request for an upward departure, and its statements at sentencing make patently clear its conclusion that a lower sentence would not have been reasonable under the facts presented. We therefore find no reversible error on this basis.

Turning to Lee's sentencing challenge,[*] we review a sentence for reasonableness, applying a deferential abuse-of-discretion standard. *United States v. Shephard*, 892 F.3d 666, 670 (4th Cir. 2018). We first ensure that the sentence contains no significant

---

[*] The Government asserts that, because it did not breach the plea agreement, we should enforce the waiver of appellate rights in the parties' plea agreement and decline to consider Lee's challenge to his sentence. Appeal waivers are not per se enforceable, however, *see United States v. Blick*, 408 F.3d 162, 168-69 (4th Cir. 2005) (discussing requirements for enforcement of waiver), and the Government offers no argument in support of its enforcement request. Thus, we conclude that the Government has forfeited consideration of the appeal waiver. *See United States v. Diaz*, 865 F.3d 168, 179 (4th Cir. 2017) (recognizing that Government's "meager submission" regarding issue in brief waived review of that issue); *United States v. Bartko*, 728 F.3d 327, 335 (4th Cir. 2013) (deeming issue waived when party failed to comply with Fed. R. App. P. 28). Because we decline to enforce an appeal waiver sua sponte, *United States v. Jones*, 667 F.3d 477, 486 (4th Cir. 2012), we proceed to the merits of Lee's sentencing challenge.

3

procedural error, such as miscalculating the Guidelines range, inadequately considering the 18 U.S.C. § 3553(a) factors, or insufficiently explaining the sentence. *United States v. Provance*, 944 F.3d 213, 218 (4th Cir. 2019). If we find the sentence procedurally reasonable, we also may consider the substantive reasonableness of the sentence. *Id.* In the sentencing context, we review the district court's "factual findings for clear error and its legal conclusions de novo." *Shephard*, 892 F.3d at 670.

Lee raises several procedural challenges to his sentence, generally asserting that the district court erred in considering the evidence presented in conjunction with the Government's motion for an upward departure. As a threshold matter, Lee's challenges to the court's application of U.S. Sentencing Guidelines Manual § 5K2.1 (2018), are unavailing, as the court declined to depart under that provision. Insofar as Lee disputes the court's findings regarding his role in the overdose death of a minor, his challenges are equally misplaced. Under Fed. R. Crim. P. 32(i)(3)(A), the sentencing court "may accept any undisputed portion of the presentence report as a finding of fact." *See United States v. Revels*, 455 F.3d 448, 451 n.2 (4th Cir. 2006). Even if a defendant objects to a finding in the presentence report, in the absence of an affirmative showing that the information is not accurate, "the court is free to adopt the findings of the presentence report without more specific inquiry or explanation." *United States v. Love*, 134 F.3d 595, 606 (4th Cir. 1998) (alteration and internal quotation marks omitted). Because Lee failed to object to the presentence report's findings regarding his involvement in the minor's death or otherwise to make any showing that those findings were inaccurate, the court was free to consider them in selecting an appropriate sentence. Further, the court was amply justified in

4

considering these facts in aggravation when conducting its sentencing calculus. *See* 18 U.S.C. § 3553(a)(1), (2)(A)-(C).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*