NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 20-1546

_____

UNITED STATES OF AMERICA

v.

GEORGE DFOUNI,
                              Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Crim. No. 2-18-cr-00028-001)
District Judge: Honorable Katharine S. Hayden

_____

Submitted under Third Circuit LAR 34.1(a)
February 9, 2021

Before: CHAGARES, SCIRICA, and COWEN, *Circuit Judges*

(Filed: May 19 ,2021)

_____

OPINION[*]

_____

SCIRICA, *Circuit Judge*

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

## I

After pleading guilty to wire fraud and tax evasion, George Dfouni was ordered to pay restitution to Amsterdam Hospitality Group (AHG). Later, Dfouni filed a motion for restitution offset and requested an evidentiary hearing to determine whether AHG, through a settlement agreement with third parties, had been compensated for some of the losses he caused. The District Court denied Dfouni's motion and declined to hold an evidentiary hearing. Dfouni filed a motion for reconsideration, which the court also denied. Dfouni appeals the court's denial of his motion for reconsideration.

To prevail on a motion for reconsideration, the party seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial determination on the underlying motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. AstraZeneca Pharm. L.P.*, 769 F.3d 837, 848–49 (3d Cir. 2014). In support of his motion for reconsideration, Dfouni failed to make any of these showings. Accordingly, we will affirm.

## II

Dfouni pleaded guilty to wire fraud and tax evasion. As part of his plea agreement, he agreed to pay full restitution—$7,857,681 to the Internal Revenue Service and $13,807,034 to the victim of the wire fraud, AHG. At sentencing, the District Court ordered Dfouni to pay restitution consistent with the plea agreement. At that time, Dfouni expressed his belief that AHG had entered into a settlement agreement with third parties through which AHG may have been compensated for some of the losses Dfouni caused.

Dfouni stated that this settlement agreement might entitle him to a credit against his restitution obligation. He subpoenaed the confidential settlement agreement, and AHG filed a motion to quash. A Magistrate Judge reviewed the settlement agreement in camera, denied AHG's motion to quash, and issued a protective order granting Dfouni access to the settlement agreement.

After reviewing the agreement, Dfouni filed a motion for a restitution offset, in which he requested an evidentiary hearing to determine whether "[m]onies received in a settlement agreement related to the instant offense would require an offset" under the Mandatory Victims Restitution Act (MVRA). App. 55–56 (citing 18 U.S.C. § 3663A(b)(1)(B)(ii) (2020)). Dfouni did not attach the settlement agreement to his motion and did not summarize its terms for the court. In his motion, he admitted that he was unable to determine whether or not AHG had been compensated for losses he caused.

On September 12, 2019, the District Court denied Dfouni's motion for a restitution offset and his request for an evidentiary hearing. Dfouni did not appeal that order, but on October 11, 2019, he filed a sealed motion for reconsideration to which he attached the AHG settlement agreement. In his motion for reconsideration, Dfouni claimed that the settlement agreement showed "some manner of payment was made to [AHG]" and that this fact alone should be sufficient to warrant an evidentiary hearing. App. 18.

The court denied Dfouni's motion for reconsideration because it was based on "dissatisfaction and speculation." App. 19. Additionally, the court stated that Dfouni was "merely relitigating along the same grounds as before." App. 19. This appeal followed.

III

3

At the outset, the Government contends we lack appellate jurisdiction to review the September 12, 2019 order denying Dfouni's motion for a restitution offset. We agree. Dfouni had 14 days to appeal the order denying his motion for an offset, and he failed to do so. Fed. R. App. Proc. 4(b)(1)(A)(i) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after . . . the entry of . . . the order being appealed[.]").

And while Dfouni did file a motion for reconsideration of the September 12, 2019 order, the motion for reconsideration did not toll his time to appeal the order denying his motion for an offset. The motion for reconsideration was filed October 11, 2019, outside of Rule 4(b)'s 14-day deadline for appeals. A motion for reconsideration filed outside of the appeal period will not prevent the appeal period from elapsing. *United States v. Kalb*, 891 F.3d 455, 467 (3d Cir. 2018).

We proceed to exercise our appellate jurisdiction only over Dfouni's timely appeal of the order denying his motion for reconsideration.[1]

---

[1] The Government contends Dfouni forfeited his right to appeal the court's denial of his motion for reconsideration because his appellate brief focused on the underlying order denying his motion for a restitution offset. We disagree.

Dfouni's Notice of Appeal specified he was appealing the February 28, 2020 order denying his motion for reconsideration. Moreover, an appeal from a denial of a motion for reconsideration "brings up the underlying judgment for review." *McAlister v. Sentry Ins. Co.*, 958 F.2d 550, 552–53 (3d Cir. 1992). Dfouni did not forfeit his challenge to the court's denial of his motion for reconsideration.

IV

We "review[] a denial of a motion for reconsideration for abuse of discretion, but we review the District Court's underlying legal determinations *de novo* and factual determinations for clear error." *Schumann*, 769 F.3d at 848 (quoting *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 246 (3d Cir. 2010)) (quotation marks omitted).

Dfouni's motion for reconsideration requested the court reconsider its order denying his request for an evidentiary hearing and motion for a restitution offset. As noted, to prevail on a motion for reconsideration the party seeking reconsideration must show "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial determination on the underlying motion]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* at 848–49. We conclude Dfouni failed to make any of these showings, and thus, the court did not abuse its discretion in denying Dfouni's motion for reconsideration.

In support of his motion for reconsideration, Dfouni did not rely on any intervening change in law. He also failed to provide any new evidence. Although he attached the settlement agreement he claimed might provide a basis for a restitution offset, this did not qualify as new evidence—Dfouni obtained the settlement agreement prior to submitting his motion for restitution offset. *See Howard Hess Dental Labs.*, 602 F.3d at 252 ("[N]ew evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available.").

The only remaining question is whether the District Court abused its discretion in finding there was no "need to correct a clear error of law or fact or to prevent manifest injustice" resulting from its denial of Dfouni's request for an evidentiary hearing and motion for restitution offset. *See Schumann*, 769 F.3d at 849. We will address the court's denial of Dfouni's specific request for an evidentiary hearing before addressing its denial of Dfouni's motion for restitution offset.

A

The court's decision to deny Dfouni's request for an evidentiary hearing was not based on any clear error of law or fact and did not result in manifest injustice. "The sentencing guidelines and Federal Rules of Criminal Procedure do not require that a district court conduct an evidentiary hearing in addition to a sentencing hearing at which the parties can be heard." *United States v. Kluger*, 722 F.3d 549, 562 (3d Cir. 2013). Because there is no general right to an evidentiary hearing, the district court has discretion to determine whether to afford one. *Id.*

We have previously considered whether the district court abused its discretion in denying an evidentiary hearing where a defendant's request was based on "speculation" that a Fourth Amendment violation might be discovered if the facts of his arrest were clarified. *United States v. Hines*, 628 F.3d 101, 106 (3d Cir. 2010). We held that the district court properly exercised its discretion to deny an evidentiary hearing, because the defendant "essentially requested a hearing so that [he] could explore whether facts existed that would justify a hearing in the first place." *Id.*

6

Here, like the defendant in *Hines*, Dfouni requested an evidentiary hearing based on speculation and a desire to explore whether facts existed that would justify a hearing in the first place. Throughout the proceedings below, Dfouni contended "a restitution offset *may* be appropriate" because the settlement agreement proves "*some* manner of payment was made to [AHG]." App. 18. Yet Dfouni admitted he was unable to link any payment AHG received to conduct related to his wire fraud.

Because there is no general right to an evidentiary hearing and Dfouni's request was based on speculation that the settlement agreement *may* have compensated AHG for some of the losses he caused, the District Court was within its discretion to deny Dfouni's request. This denial was not based on any clear error of law or fact and did not result in manifest injustice.

B

The court's decision to deny Dfouni's motion for restitution offset was not based on any clear error of law or fact and did not result in manifest injustice. The MVRA provides that disputes over restitution "shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. § 3664(e). The MVRA places the burden on the Government to establish the amount of loss the victim suffered, and on the defendant to show the defendant's financial resources. *Id.* The MVRA then provides that "[t]he burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires." *Id.* Where a defendant claims entitlement to a restitution offset, the burden falls on the defendant to prove that reduction in restitution is appropriate. *See United States v. Bryant*, 655 F.3d 232, 254 (3d

Cir. 2011) ("[W]here offsets are claimed, such as for compensation that the victim gets from other sources, other Courts of Appeals have concluded that it is the defendant's burden to prove those offsets." (citations omitted)); *see also United States v. Sizemore*, 850 F.3d 821, 828 (6th Cir. 2017) ("[T]he burden of proving an offset should lie with the defendant." (alteration in original) (citations omitted)); *United States v. Calbat*, 266 F.3d 358, 365 (5th Cir. 2001) ("It is the defendant's burden to establish an offset to a restitution order."); *United States v. Parsons*, 141 F.3d 386, 393 (1st Cir. 1998) ("[T]he burden of establishing this double payment is on the defendant.").

The court properly put the burden on Dfouni to prove entitlement to a restitution offset. Dfouni did not meet that burden. He did not attach the settlement agreement to his motion for restitution offset. Instead, he merely asserted that after review of the settlement agreement, it "appear[ed] likely" AHG had been compensated for some of the losses he caused. App. 56. These bald assertions failed to establish that the settlement agreement related to the same harm caused by Dfouni's criminal conduct. Accordingly, the court did not err in determining Dfouni did not meet his burden under the MVRA, and no injustice resulted from its denial of Dfouni's motion for restitution offset.

Because the court made no errors of law or fact in denying Dfouni's motion for restitution offset and request for an evidentiary hearing, and Dfouni did not rely on new evidence or an intervening change in law, the court did not abuse its discretion in denying Dfouni's motion for reconsideration.

8

V

For the reasons provided, we will affirm the District Court's denial of Dfouni's motion for reconsideration.